IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MICHAEL DAVID WIKOFF;**
**CHRISTOPHER MICHAEL MEYERS;**
**ZACHARY FIELDS,**

      **Plaintiffs,**

v.                                              Case No. 3:16-cv-04542

**Western Regional Jail Medical**
**Nurse Staff, MS. FARMER;**
**C. O. BLEVINS (Evening Rover);**
**C. O. ADAMS; and**
**LT. MORRISON,**

      **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Michael David Wikoff's ("Wikoff") Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Plaintiffs' Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). The undersigned notes that the Application to proceed *in forma pauperis* filed by Wikoff is incomplete. Before the Application can be accepted for review, the institution of incarceration must complete the certificate located at the bottom of page 2 of the Application, or Wikoff must submit a transaction record of his inmate account. For that reason, Wikoff is hereby **ORDERED** to pay the filing fee of $400 or submit to the Court an amended Application to Proceed Without Prepayment of Fees and Costs, which includes the institutional certification, or an inmate account transaction record.

With respect to Plaintiffs Meyers and Fields, neither has paid a filing fee or submitted an Application to Proceed Without Prepayment of Fees and Costs. Accordingly, Plaintiffs Meyers and Fields are hereby **ORDERED** to either pay the filing fee of $400, or submit to the Court an Application to Proceed Without Prepayment of Fees and Costs.

**Plaintiffs are notified** that failure to pay the fee or submit the applications as instructed within **thirty (30) days** of the date of this Order shall result in a recommendation that the complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiffs' complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiffs' allege the following in their complaint:

> 1. On May 13, 2016, Wikoff was denied his daily pain and constipation medication. The denial of medication was witnessed by cellmate and co-plaintiff, Christopher Michael Meyers.
>
> 2. The nurse on duty at the time was Ms. Farmer. The Rover with her was C. O. Blevins. The Shift Supervisor was Lt. Morrison. A correctional officer guard prevented Wikoff from getting Lt. Morrison's help.
>
> 3. Wikoff had previously been denied medical care at the Western Regional Jail when C. O. Adams begged the medical staff at intake to assist Wikoff, who was injured and in pain. Denial of medical care has been a common occurrence at the Western Regional Jail since Wikoff's booking on January 9, 2016.

(ECF No. 2 at 3-4). Plaintiffs seek a "money cash settlement for [Wikoff's] pain and suffering." (*Id.* at 4).

In order for the undersigned to complete a preliminary review of the merits of Plaintiffs' claims, they are **ORDERED** to amend their complaint within **thirty (30) days** of the date of this Order and cure various deficiencies in pleading as outlined below:

1. To be named as a Plaintiff in a complaint, an individual must have a claim to assert. Wikoff claims a denial of his constitutional right to basic medical care under the Eighth Amendment to the United States Constitution. In contrast, Plaintiff Meyers asserts no claim and appears to be listed as a plaintiff solely because he allegedly witnessed the denial of medical care to Wikoff. Similarly, Plaintiff Fields asserts no claim. Moreover, as he is not mentioned anywhere in the body of the complaint, the reason for his joinder as a plaintiff is a complete mystery. In order to continue as plaintiffs in this civil action, Plaintiff Meyers and Plaintiff Fields must state individual claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" described by Wikoff, and there must be a "question of

law or fact common to all plaintiffs" that will arise in this action. *See* Fed. R. Civ. P. 20(a)(1). If Meyers and Fields are simply witnesses to Wikoff's claims, then they should not be listed as plaintiffs. If that is indeed the circumstance, Meyers and Fields are **ORDERED** to notify the Court by filing a written motion within **thirty (30) days** of the date of this Order asking the Court to dismiss them as parties to the action and, instead, to consider them as witnesses disclosed pursuant to Rule 26(a)(1)(A)(i).

    2.    On the other hand, if Meyers and Fields do have individual claims arising out of the same transaction or occurrence, or series of transactions or occurrences, alleged by Wikoff and wish to remain as plaintiffs herein, then they are **ORDERED** to file an amended complaint within **thirty (30) days** of the date of this Order setting forth *factual* statements, including dates and events, which show how each named defendant allegedly violated Plaintiffs' civil or constitutional rights.

    3.    Lt. Morrison has been named as a defendant in this action although there are no allegations suggesting that Lt. Morrison committed any violation of the plaintiffs' civil or constitutional rights. To the contrary, it appears that Lt. Morrison is named as a defendant simply because he was the supervisor on duty on the day in question, and was **not** notified of Wikoff's request for medical care. C. O. Adams has similarly been named as a defendant even though the only factual allegations involving C. O. Adams indicate that he/she tried to obtain medical care for Wikoff. Each plaintiff must bear in mind that in order to state a cause of action for money damages under 42 U.S.C. § 1983, he each must show that an individual (the defendant) was acting under color of state law and deprived the plaintiff of a federally

protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, claims asserted against an individual solely because he or she is an employer or supervisor are not cognizable under § 1983. Supervisory officials may be held liable for the constitutional violations of those in their charge only when "supervisory indifference or tacit authorization of subordinates' misconduct [is] a causative factor in the constitutional injuries [the subordinates] inflict on those committed to their care." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368, 372-73 (4th Cir. 1984)). To state a claim against an individual under a theory of supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. Consequently, Plaintiffs should not name Lt. Morrison as a defendant unless he has personally violated Plaintiffs' rights, or the allegations against him meet the three prongs of a supervisory liability claim. If Plaintiffs have erroneously named Lt. Morrison as a defendant, they are **ORDERED** to so notify the Court by filing a written motion within **thirty (30) days** of the date of this Order asking the Court to

dismiss Lt. Morrison as a party to the action. On the other hand, if Plaintiffs have individual claims against Lt. Morrison that meet the requirements sets forth above, then they are **ORDERED** to file an amended complaint within **thirty (30) days** of the date of this Order setting forth *factual* statements, including dates and events, which show how Lt. Morrison allegedly violated their civil or constitutional rights.

The same reasoning applies to C. O. Adams. C. O. Adams should be dismissed as a defendant unless Plaintiffs can allege facts showing that C. O. Adams personally violated Plaintiffs' rights. If Plaintiffs have erroneously named C. O. Adams as a defendant, they are **ORDERED** to so notify the Court by filing a written motion within **thirty (30) days** of the date of this Order asking the Court to dismiss C. O. Adams as a party to the action. On the other hand, if Plaintiffs have individual claims against C. O. Adams that meet the requirements sets forth above, then they are **ORDERED** to file an amended complaint within **thirty (30) days** of the date of this Order setting forth *factual* statements, including dates and events, which show how C. O. Adams allegedly violated their civil or constitutional rights.

4. The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Therefore, to state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or

need that is objectively serious. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official is not liable under the Eighth Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Plaintiffs must set forth facts in their complaint that meet the standard of an Eighth Amendment violation. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Therefore, when and if Plaintiffs amend their complaint to assert Eighth Amendment claims, they should bear these standards in mind.

  5. Plaintiffs must identify the nature of the injury they claim to have suffered as a result of the alleged constitutional violations. In the complaint, Wikoff describes only pain and suffering, and Meyers and Fields make no claim of injury. If Plaintiffs suffered any physical injuries as a result of the alleged violations, then that injury should be described in the complaint.

**Plaintiffs are hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim cognizable under 42 U.S.C. § 1983**

**and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.** Plaintiffs are also reminded of their obligation to promptly notify the Clerk of Court of any change in contact information.

The Clerk is instructed to provide a copy of this order to Plaintiffs.

**ENTERED:** June 3, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge